UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT SANGO,

       Plaintiff,                                  Hon. Gordon J. Quist

v.                                                  Case No. 1:12-CV-332

UNKNOWN DENNIS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order. (Dkt. #27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

Plaintiff initiated this action on April 5, 2012, against prison officials Unknown Dennis and Unknown Larkins alleging that the pair subjected him to unlawful retaliation in response to having filed a previous lawsuit against Unknown Larkins. Plaintiff now requests that the Court enter an Order that he not be housed at the Oaks Correctional Facility or the St. Louis Correctional Facility.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement*

*Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter or that he is likely to experience any harm or mistreatment should he be housed at the Oaks Correctional Facility or the St. Louis Correctional Facility. Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of relief. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order</u>, (dkt. #27), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 26, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge