UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

        Plaintiff,                          Hon. Gordon J. Quist

v.                                              Case No. 1:12 CV 332

UNKNOWN DENNIS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (dkt. #38), and Plaintiff's Motion for Summary Judgment, (dkt. #48). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's motion be **denied**, and this matter **terminated**.

## BACKGROUND

Plaintiff makes the following allegations in his complaint. (Dkt. #1). On September 19, 2011, Plaintiff filed "a verified complaint"[1] alleging that C.O. Larkins "report[ed] to work under the influence" and was "[a]sleep at the desk." Plaintiff later filed two grievances regarding these allegations. In retaliation against Plaintiff for reporting these matters, Lt. Dennis later restricted Plaintiff's telephone privileges for six months. Dennis and Larkins also "conspired to silence witnesses" through unspecified acts of harassment. Plaintiff initiated this action on April 5, 2012, alleging that Dennis engaged in

---

[1] Plaintiff does not indicate with whom this "complaint" was filed.

unlawful retaliation. Plaintiff also alleges that Dennis and Larkins engaged in an unlawful conspiracy. Plaintiff requests monetary and injunctive relief. Defendants now move for summary judgment. Plaintiff, likewise, has moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Plaintiff's Motion for Summary Judgment**

On September 14, 2012, the Court entered a Case Management Order which provided that "all discovery by or against a defendant must be completed within 120 days from the date the first defendant appears." (Dkt. #13). The Case Management Order further provides that "[e]ach party may file one motion for summary judgment no later than 28 days after the close of discovery." (Dkt. #13). Counsel for Defendants filed his appearance on September 13, 2012. Discovery closed, therefore, on January 11, 2013, and motions for summary judgment were due no later than February 11, 2013. Plaintiff's motion for summary judgment, however, was filed more than six weeks late on March 27, 2013. Plaintiff never requested an extension of time to file a motion for summary judgment. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be denied as untimely filed. In the alternative, the undersigned recommends that Plaintiff's motion be denied for the reasons discussed below.

## II. Retaliation

Plaintiff alleges that his telephone privileges were restricted for six months in retaliation for having reported allegedly inappropriate conduct by Defendant Larkins. Specifically, Plaintiff alleges that he first complained on September 19, 2011, that Defendant Larkins was engaging in improper behavior. Plaintiff later filed two grievances concerning his allegations. On November 17, 2011, Defendant Dennis submitted a Notice of Intent to Conduct an Administrative Hearing, in which he alleged that Plaintiff had participated in several three-way telephone conversations in violation of prison policy. (Dkt. #39, Exhibit E). Following a November 21, 2011 administrative hearing, Plaintiff was found guilty of this violation and, as a result, had his telephone privileges "restricted for 180 days." (Dkt. #39, Exhibit E).

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*,

1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Accordingly, even if Plaintiff demonstrates that his protected conduct "was a motivating factor in the defendant's action," Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42.

Furthermore, where an inmate alleges that a prison official falsely charged him with a misconduct violation for retaliatory purposes, the prison official is entitled to relief if the prisoner was found guilty of the misconduct violation. *See, e.g., Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir., Nov. 17, 2005) (where prisoner is found guilty of the allegedly retaliatory misconduct violation, such "essentially checkmates a retaliation claim"). Implicit in this conclusion is that a finding that the allegedly retaliatory misconduct charge was supported by the evidence constitutes sufficient evidence on the issue of causation to warrant summary judgment for the prison official.

Defendant Dennis has submitted an affidavit in which he asserts that Plaintiff's telephone privileges were restricted because he was found guilty, following an administrative hearing, of violating prison policy on conducting "three-way phone calls." (Dkt. #39, Exhibit E). This assertion is confirmed by the Administrative Hearing Report, a copy of which is attached to Dennis' affidavit. (Dkt. #39, Exhibit E). Defendant Dennis further asserts that his actions were not motivated by any retaliatory intent, but were instead motivated by Plaintiff's improper conduct. (Dkt. #39, Exhibit E). Plaintiff has neither disputed this evidence nor submitted any evidence to the contrary.

Defendant Dennis is entitled to summary judgment for several reasons. Plaintiff has failed to allege a chronology of events from which retaliation can plausibly be inferred. The length of time that passed between the date on which Plaintiff first complained about the allegedly improper conduct of Defendant Larkins and the date on which Defendant Dennis alleged he violated prison policy by making improper telephone calls, approximately two months, is insufficient to establish the requisite causal link. *See, e.g., Nevares v. Sabin*, 2009 WL 1262866 at *5 (N.D. Tex., May 7, 2009) (where "about two months" passed between protected conduct and alleged retaliatory conduct such failed to set forth "a chronology of events from which retaliation may plausibly be inferred"); *Higgason v. County of Sullivan*, 1998 WL 846942 at *2 (7th Cir., Nov. 25, 1998) (where sixty-four days passed between protected conduct and alleged retaliatory conduct such "failed to set forth a chronology from which retaliation could reasonably be inferred"); *Coulson v. The Goodyear Tire & Rubber Co.*, 31 Fed. Appx. 851, 858-59 (6th Cir., Mar. 14, 2002) (where "less than three weeks" passed between plaintiff filing suit against employer and his termination therefrom, such was insufficient to establish the necessary "causal relationship" to maintain a retaliation claim); *Murphy v. Brown*, 2010 WL 1292704 at *8 (N.D. Ill., Mar. 29, 2010) (where "just three weeks" passed between granting of FMLA request and termination such was insufficient to support a retaliation claim because "temporal proximity. . .standing on its own is insufficient to establish a causal connection for a claim of retaliation").

Moreover, the Court fails to discern the connection between Plaintiff's report that Defendant Larkins engaged in improper behavior and Defendant Dennis' subsequent conduct noting that Plaintiff had engaged in improper telephone usage. Stated differently, the Court fails to discern how Defendant Dennis' actions were in any way motivated by Plaintiff's conduct of reporting alleged misconduct by Defendant Larkins. Other than the bare allegation that Dennis' actions were undertaken

in retaliation for having reported Larkins' improper conduct, Plaintiff offers nothing to connect the two. Such unsubstantiated assertions are insufficient to establish the requisite causal connection.

Moreover, even if the Court assumes that Plaintiff can establish that his protected conduct "was a motivating factor," in Defendant's actions, Dennis has submitted evidence that his conduct was unrelated to Plaintiff's protected conduct. Plaintiff has presented no evidence that Defendant's purported rationale is merely pretextual. Finally, as previously noted, Plaintiff was found guilty of the charges articulated in the Notice of Intent to Conduct an Administrative Hearing. The undersigned recommends, therefore, that with respect to Plaintiff's retaliation claim, Defendant Dennis' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. Furthermore, to the extent that Plaintiff argues that Defendant is not entitled to summary judgment because he has allegedly engaged in selective enforcement of the prison rules in question, the Court is not persuaded.

The Court recognizes that the Sixth Circuit has *suggested* that the general rule articulated above (i.e., that a guilty finding on a misconduct charge precludes a retaliation claim concerning the issuance of such) might be overcome if the prisoner introduces evidence that the prison official in question engaged in selective enforcement of the relevant prison rules and regulations. *See Eby*, 481 F.3d at 442. Specifically, the *Eby* court observed as follows:

> According to MDOC, Thomas cannot show causation without first demonstrating that the misconduct charge was ultimately resolved in his favor, which he cannot do because he was convicted and the conviction was affirmed in the prison's review process. In other words, MDOC argues that because the administrative process concluded that Eby's allegations were not false, Thomas cannot show a retaliatory motive. In essence, MDOC's argument imports the favorable-termination requirement of *Heck* into cases where the habeas exception to § 1983 does not apply.
>
> On *summary judgment,* we analyze the causation element of a retaliation claim under the burden-shifting framework announced in *Mount Healthy*

> *City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity. MDOC cites *Henderson v. Baird,* 29 F.3d 464 (8th Cir.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995), as well as a bevy of our unpublished opinions relying on *Henderson* and *Hynes v. Squillace,* 143 F.3d 653 (2d Cir.), *cert. denied,* 525 U.S. 907, 119 S.Ct. 246, 142 L.Ed.2d 202 (1998), in support of the proposition that a proven infraction of prison rules will generally satisfy the defendant's burden. Notably, each of these cases was decided on summary judgment, and therefore, each is distinguishable from the present case, which the district court dismissed sua sponte before service of the complaint on the sole defendant, Eby.
>
> However, MDOC cites no case applying the *Mount Healthy* standard on a motion to dismiss, and for good reason - it makes little sense to apply it at the pleading stage. A complaint cannot be dismissed unless "the plaintiff can prove *no set of facts*" that would entitle him to relief. Here, Thomas could establish multiple sets of facts that would prove his § 1983 claim. For example, it is possible that after discovery, Thomas would be able to demonstrate that inmates regularly expose their genitals to guards without consequence. Or perhaps he could prove that he had exposed himself to Eby in the past, but she had never pursued disciplinary action until after he filed a grievance against another guard. In either of these cases, Thomas would be able to show that his filing a grievance was "a motivating factor" behind the misconduct ticket. And Eby likely would be unable to meet her burden to "show that [s]he would have taken the same action in the absence of the protected activity." While it may be unlikely that Thomas could prove such facts, the district court cannot dismiss a pro se prisoner's pleading merely "because the court finds the plaintiff's allegations unlikely." Accordingly, we conclude that Thomas adequately pleaded a claim for retaliation.

*Id.* at 441-42 (internal citations omitted).

For the following reasons, however, the Court is not persuaded by any argument that Defendant is not entitled to summary judgment on the ground that he selectively enforced the prison rule in question. First, the language in *Eby* quoted above is clearly dicta unnecessary to the court's holding and, therefore, is not binding on this Court.

Second, the claims reviewed by the *Eby* court had been dismissed sua sponte by the District Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), which requires a court to dismiss any complaint which fails to state a claim upon which relief can be granted. Defendant Dennis is not seeking relief on the ground that Plaintiff has failed to state a claim, but is instead seeking relief pursuant to a properly supported motion for summary judgment. The *Eby* court did not suggest that summary judgment is precluded whenever evidence of selective enforcement is presented, but instead merely observed that sua sponte dismissal of a retaliation claim is inappropriate if the prisoner *might* be able to present evidence (e.g., evidence of selective enforcement) which, if believed, would entitle him to relief. As the *Eby* court further recognized, however, even if "a plaintiff shows that his protected conduct was a motivating factor in the defendant's action," the defendant is nonetheless entitled to summary judgment if he shows "that [he] would have taken the same action even without the protected activity." That is precisely what Defendant Dennis has done in this instance, present evidence that his actions were unrelated to Plaintiff's protected conduct.

Finally, adoption of such an argument would require this Court to second-guess hundreds (and perhaps thousands) of decisions made every single day by prison officials in the exercise of their professional judgment, something the United States Supreme Court has long held is an activity for which federal courts are unqualified. *See, e.g., Bell v. Wolfish*, 468 U.S. 520, 546-47 (1979) (prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

In sum, while Plaintiff has not forfeited all constitutional protections by reason of his conviction and confinement in prison, *Wolfish*, 441 U.S. at 545, he only retains such First Amendment

rights as are neither incompatible with his status as a prisoner nor legitimate penological objectives. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984). Plaintiff enjoys no constitutional right to disobey legitimate prison rules and regulations. Plaintiff was convicted of the misconduct violations in question and Defendant Dennis has submitted evidence that his actions relative to this misconduct charge was unrelated to Plaintiff's protected conduct. Accordingly, for the reasons discussed above, the undersigned recommends that as to Plaintiff's retaliation claim, Defendant Dennis' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

**III.** **Conspiracy**

Plaintiff also asserts that Defendants Larkins and Dennis "conspired to silence witnesses" through unspecified acts of harassment. It is not clear whether Plaintiff is asserting this claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. This lack of clarity is of no consequence, however, as Plaintiff's claim fails under either provision.

To prevail on a conspiracy claim asserted under § 1983, Plaintiff must establish: (1) there existed a "single plan"; (2) the conspirators "shared a conspiratorial objective to deprive [Plaintiff] of [his] constitutional rights; and (3) an overt act in furtherance of the conspiracy was committed. *Faith Baptist Church v. Waterford Tp.*, 2013 WL 1489387 at *6 (6th Cir., Apr. 11, 2013) (citation omitted). To prevail on a conspiracy claim asserted under § 1985, Plaintiff must establish: (1) a conspiracy between two or more persons; (2) for the purpose of depriving any person of the equal protection of the laws or of equal privileges of immunities of the laws; (3) an act in furtherance of the conspiracy; and (4) causing the person to suffer an injury to his person or property or the deprivation of any right or privilege of a citizen of the United States. *Umani v. Michigan Department of Corrections*, 432 Fed. Appx. 453,

462 (6th Cir., July 18, 2011) (citation omitted). Failure by Plaintiff to establish that he suffered a violation of his rights defeats his conspiracy claim. *See, e.g., Wiley v. Oberlin Police Dpartment*, 330 Fed. Appx. 524, 530 (6th Cir., May 15, 2009) (plaintiff "cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her").

Discovery in this matter has closed and despite having had ample opportunity to conduct discovery and marshal evidence in support of his conspiracy claims, Plaintiff has failed to submit evidence that would enable him to prevail on these claims. Plaintiff has submitted no evidence that there existed any conspiracy between Defendants Larkins and Dennis, that Defendants shared any "conspiratorial objective" to deprive Plaintiff of his rights, or that any overt act in furtherance of any illegal conspiracy was undertaken. As previously noted, a party without the burden of proof on a particular claim is entitled to summary judgment if he demonstrates that his opponent cannot sustain his burden at trial. Defendants are likewise entitled to summary judgment because, as discussed above, Plaintiff cannot establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. Accordingly, the undersigned recommends that as to Plaintiff's conspiracy claims, Defendants Dennis and Larkins' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #38), be **granted**; Plaintiff's Motion for Summary Judgment, (dkt. #48), be **denied**; and this matter **terminated**. The undersigned further recommends that appeal of this matter

would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 22, 2013
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge