UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT D. SANGO,

      Plaintiff,

v.

UNKNOWN DENNIS, et al.,

      Defendants.

_____/

Case No. 1:12-CV-332

HON. GORDON J. QUIST

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On May 22, 2013, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) (docket no. 60) recommending that this Court grant Defendants' motion for summary judgment (docket no. 38), deny Plaintiff's motion for summary judgment (docket no. 48), and dismiss the case. Plaintiff has filed a timely Objection to the R & R. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the case dismissed.

Plaintiff makes two objections to the R & R. First, Plaintiff objects that he exhausted his available administrative remedies, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Second, Plaintiff argues that the magistrate judge erred by interpreting his claim as a retaliation claim rather than a conspiracy claim.

Plaintiff's first objection is immaterial because the R & R did not dispose of Plaintiff's claim for failure to administratively exhaust. Rather, the R & R addressed the merits of Plaintiff's claims. As such, the Court will overrule Plaintiff's first objection.

Plaintiff's second objection also lacks merit. Plaintiff argues that the magistrate judge erred by interpreting Plaintiff's claim as a retaliation claim, not a conspiracy claim. Specifically, Plaintiff argues that his allegation that Defendant Dennis restricted Plaintiff's telephone access was intended as a conspiracy claim. In support of this objection, Plaintiff also argues that the R & R failed to acknowledge that it reviewed and considered Plaintiff's response to Defendants' motion for summary judgment (docket no. 53).

With respect to his retaliation claim, Plaintiff's response to Defendant's motion for summary judgment states, in its totality:

> Defenses [sic] second argument is not based on Plaintiff's claim, thus Plaintiff will not waste courts [sic] time arguing against that defense.

(Docket no. 53, Page ID 195). However, Plaintiff did not support his statement or otherwise explain why the magistrate judge should interpret his claim as a conspiracy claim rather than a retaliation claim. Thus, the magistrate judge did not err in reviewing Plaintiff's claim as alleging retaliation in violation of the First Amendment.

Nonetheless, even if this Court were to interpret Plaintiff's allegations as a conspiracy claim, Plaintiff has not produced sufficient evidence to survive a motion for summary judgment. To prevail on a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must establish that (1) there existed a "single plan," (2) the conspirators "shared a conspiratorial objective to deprive [a plaintiff] of [his] constitutional rights;" and (3) the defendants committed an overt act in furtherance of the conspiracy. *Faith Baptist Church v. Waterford Twp.*, No. 10-1406, 2013 WL 1489387, at *6 (6th Cir. Apr. 11, 2013).[1] However, a plaintiff cannot succeed on a conspiracy claim when there was no underlying constitutional violation or injury. *See, e.g.*, *Wiley v. Oberlin Police Dep't*, 330 F. App'x

---

[1] Plaintiff argues that the Court should review his conspiracy claim under 42 U.S.C. § 1983, not § 1985. (Pl.'s Objection, Docket no. 61, Page ID 257.)

524, 530 (6th Cir. 2009) (citing *Bauss v. Plymouth Twp.*, 233 F. App'x 490, 500 (6th Cir. 2007)). Plaintiff has not introduced evidence of (1) a conspiracy between Defendants Larkin and Dennis, (2) that they shared a "conspiratorial objective" to deprive Plaintiff of his rights, or (3) that they took an overt act in furtherance of any illegal conspiracy. Moreover, Plaintiff has not alleged a constitutional injury. Finally, Plaintiff appears to acknowledge his lack of sufficient evidence, which is probably why he has requested in his Objection that the Court re-open the discovery period. (Pl.'s Objection, Docket no. 61, Page ID 257 (referring to his request as a "Request for Continuance").)

The Sixth Circuit has held that "nebulous assertions" that more discovery time will produce evidence to defeat summary judgment are unavailing. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir. 1993). In this case, Plaintiff's vague assertion that he should be allowed more discovery, without specifying what additional facts discovery might uncover, is not persuasive. Moreover, in the judgment of the Court, additional discovery is unlikely to uncover evidence sufficient to survive summary judgment on Plaintiff's conspiracy claim.

Finding no other objections, the Court will adopt the R & R as the opinion of the Court. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 60) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 48) is **DENIED**.

4

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 61) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to re-open the discovery period (*see* docket no. 61) is **DENIED**.

A separate judgment will issue.

This case is concluded.


Dated:  August 8, 2013                                  /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE